UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN DWAYNE FRAZIER, SR.

    Plaintiff,                                                     Case No. 20-cv-11105
                                                                    Hon. Matthew F. Leitman

v.

HEIDI WASHINGTON, *et al.*,

    Defendants.

_____/

**<u>ORDER OF PARTIAL SUMMARY DISMISSAL</u>**

Plaintiff Alvin Dwayne Frazier, Sr. is a state prisoner in the custody of the Michigan Department of Corrections (the "MDOC"). He is currently incarcerated at the G. Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan. In this action, Frazier brings a *pro se* civil rights Complaint and an Amended Complaint (collectively "the Amended Complaint") pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1; Mot. for Leave to File Am. Compl., ECF No. 6; Am. Compl., ECF No. 7.[1]) His Amended Complaint contains allegations of poor quality prison meals, inadequate responses to his prison kites, unequal treatment, religious and racial

---

[1] Frazier filed his initial Complaint on March 26, 2020. (*See* Compl., ECF No. 1.) He then filed a motion for leave to file an Amended Complaint and an Amended Complaint on July 15, 2020. (*See* ECF Nos. 6, 7.) Due to Frazier's *pro se* status, for the purposes of this order, the Court will construe the allegations made in all three filings as if they were jointly filed in a single Amended Complaint.

1

discrimination, improper handling of his legal mail, inhumane treatment while housed in the L-unit (for psychiatric observation), and retaliation. He names several employees of the MDOC as Defendants: Director Heidi Washington, JCF Warden Noah Nagy, JCF Deputy Warden of Programs Tiffany Kisor, JCF Corrections Officers Hursh, Trotta, Hokanson, Bloom, Kizer, Prins, JCF Sergeants Hill and Haskett, JCF Lieutenants Blunt and Walker, JCF Captain Anderson, JCF Psychologist Francise, and JCF Nurses Austin and Jane Doe. He sues these Defendants in both their official and personal capacities. He seeks injunctive relief and monetary damages.

On August 3, 2020, the Court granted Frazier *in forma pauperis* status and allowed him to proceed without the prepayment of the filing fee for this action. (*See* Order, ECF No. 11.) The Court now summarily dismisses some, but not all, of Frazier's claims.

# I

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to review and *sua sponte* dismiss claims in an *in forma pauperis* complaint prior to service if the Court determines that the claims are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking

redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) still requires that all complaints, including those filed by *pro se* litigants, set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.* at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S.

3

at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional, not merely negligent. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

### III

### A

The Court begins with Frazier's claims against Defendants Nagy, Anderson, and Francise. These claims fail to state a claim upon which relief can be granted.

Defendant Nagy is the Warden at JCF. In the Amended Complaint, Frazier says that on April 29, 2020, he wanted to speak with Nagy. (*See* ECF No. 6 at ¶10, PageID.73.) Frazier alleges that he was told that Nagy would be conducting "rounds" in the L-Unit, the unit where Frazier was being held, later that afternoon. (*See id*.) Frazier claims that although he waited for Nagy, a different officer actually conducted the rounds that day and that that officer then "laugh[ed]" at Frazier's

failed attempt to speak with Nagy. (*Id.*) Frazier's complaint that Nagy was "play[ing] hide and seek" with him and avoiding contact with Frazier does not sufficiently allege any unconstitutional conduct on Nagy's behalf.

Anderson is a Captain at JCF. Although Anderson is named as a Defendant in the Amended Complaint, Frazier does not appear to make any specific allegations against Anderson. Nor does Frazier explain what Anderson allegedly did or how Anderson violated his (Frazier's) constitutional rights. Frazier has therefore failed to state a cognizable claim against Anderson. *See Turner v. City of Taylor*, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

Finally, Francise is a psychologist at JCF. In the Amended Complaint, Frazier alleges only that after he was transferred to the L-unit he saw Francise and that Francise did not give him (Frazier) "clarity of what [his] case management plan next step would be." (*Id.* at ¶¶ 5, 10, PageID.71, 73.) And while Frazier points out that he filed a previous civil suit against Francise (*see id.*), he does not allege that Francise treated him any differently due to the existence of that suit.

Simply put, Frazier's allegations against Nagy, Anderson, and Francise, to the extent that they say anything at all, are vague, conclusory, and insufficient to state a

5

civil rights claim under Section 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998).

The Court will therefore summarily dismiss the claims against these Defendants.

**B**

Frazier next alleges that Director Washington and other MDOC officials ignored his grievances. (*See* ECF No. 1, PageID.5.) A prisoner has a First Amendment right to file grievances against prison officials. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). But prisoners do not have a constitutionally protected right in a specific grievance procedure. *See Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). Thus, to the extent that Frazier is dissatisfied with the investigation of his complaints and the responses to his grievances, he fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003) (affirming denial of district court order denying prisoner leave to amend to add claim that prison did not "properly investigate" his grievance because "a state has no federal due process obligation to follow all of its grievance procedures"); *Proctor v. Applegate*, 661 F.Supp.2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report) ("This Court agrees with the Magistrate Judge that to the extent that Plaintiffs' claims merely allege a failure on

the part of prison officials to adequately respond to letters or complaints about how a grievance procedure was conducted, they fail to state a claim"). Thus, this claim fails to state a claim upon which relief may be granted.

### C

Frazier next claims that Office Hursh and other MDOC employees treated him differently than other prisoners in violation of the Equal Protection Clause. (*See* ECF No. 1, PageID 5.) Frazier has not alleged any facts that could support that claim. For example, he has not identified any specific prisoners who were treated more favorably than him. Nor has he alleged facts that could show that he is similarly situated to those prisoners. Finally, he has not alleged how he was treated differently than other prisoners. His equal protection allegations are therefore too general and conclusory to state a viable claim.[2]

### D

Frazier next asserts that he was subject to religious discrimination. In support of this claim, he alleges that Chaplain Monahan showed bias toward him by talking to other prisoners about him and prejudging him due to his religious beliefs. (*See* ECF No. 1, PageID.5.) But Frazier has not named Chaplain Monahan as a Defendant in this action. Thus, it is unclear against whom Frazier is bringing this claim. And,

---

[2] To the extent Frazier says that he was retaliated against by Hursh (and other Defendants), for the reasons stated below, that claim is not subject to summary dismissal.

7

in any event, the claim is vague and conclusory. The Court will therefore dismiss Frazier's religious discrimination claim.

Frazier also claims that Officer Hokanson violated his (Frazier's) right to practice his religion by taking prayer requests that Frazier passes out daily to other prisoners. (*See* ECF No. 6, PageID.75.) Prisoners retain a First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987). Generally, prison officials may only impinge on this right in a manner that is "reasonably related to legitimate penological interests." *Flagner v. Wilkinson*, 241 F.3d 475, 483 (6th Cir. 2001) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Construing Frazier's Complaint liberally, his religious interference claim against Officer Hokanson is not subject to summary dismissal.

### E

Next, Frazier alleges that he was subject to inhumane conditions while confined in the L-Unit because he was not allowed to shower, have clean laundry, or "have personal needs" from April 27, 2020 to May 5, 2020. (ECF No. 6, PageID.71-72.) He says that he complained about this issue to JFC employees, including Defendants Blunt, Kizer, Haskett, Walker, Prins, and Austin. (*See id.*, PageID.71-73.) And he says that the "inhumane living conditions … caus[ed him] to get sores on [his] body." (*Id.*, PageID.72.) The Eighth Amendment prohibits the imposition of "cruel and unusual punishment" upon prisoners and requires that

prisoners not be subject to conditions of confinement which involve the "unnecessary and wanton infliction of pain," contravene society's "evolving standards of decency," or deprive them of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 345-47 (1981); *Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir.1998). The Court concludes that, at this stage, this claim is not subject to summary dismissal.

## F

Frazier further asserts that the food that he is served in prison is unhealthy, deficient in nutrients, and can cause diabetes and other health ailments. (*See* ECF No. 1, PageID.3-4, 6.) As noted above, the Eighth Amendment mandates that criminal punishment may not be "barbarous" nor contravene society's "evolving standards of decency." *Rhodes*, 452 U.S. at 345-46. The Eighth Amendment imposes an affirmative duty on prison officials to provide humane conditions of confinement, which includes insuring that inmates receive adequate food. *See Farmer*, 511 U.S. at 832. The Eighth Amendment also protects a prisoner's right to receive food with sufficient nutrition to maintain normal health. *See Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977); *see also Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010). Frazier's claim that his nutritional needs are not being met by his prison meals is not subject to summary dismissal.

### G

Frazier next claims that Sergeant Hill and Officer Bloom (and/or other JCF employees) improperly opened his legal mail in his absence (despite his request to be present) and improperly handled his legal mail by placing it in areas where it could be accessed by other corrections officers and prisoners. (*See* ECF No. 6, PageID.70, 71.) Prisoners have a First Amendment right to receive mail. And the improper opening and handling of legal mail implicates a prisoner's fundamental rights. *See, e.g., Merriweather v. Zamora*, 569 U.S. 307, 316-17 (6th Cir. 2009); *Sallier v. Brooks*, 343 F.3d 868, 872-74 (6th Cir. 2003); *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992). This claim is not subject to summary dismissal.

### H

Finally, Frazier asserts that Officers Hursh, Trotta, and Hokanson, Deputy Warden Kisor, and Nurse Jane Doe retaliated against him for filing grievances and complaints against corrections officers and for requesting school supplies. He says that these Defendants had officers shake down his cell, take his typewriter to prevent him from completing school assignments, and fired him from food service jobs. (*See* ECF No. 1, PageID.5, 6; ECF No. 6, PageID.66, 72, 74.) Frazier also appears to claim that Officers Hursh and Hokanson subjected him to racial discrimination – acts that may or may not have also been related to the grievances and complaints

Frazier had made. (*See* ECF No. 1 PageID.5; ECF No. 6, PageID.75.) These claims are not subject to summary dismissal.

### J

In Frazier's Amended Complaint, he brings claims against the Defendants – who are MDOC employees – in their official capacities for monetary damages and other relief. The Eleventh Amendment bars civil rights actions against a state and its agencies and officials unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Cady v. Arenac Cty.*, 574 F.3d 334, 342 (6th Cir. 2009). The State of Michigan has not consented to be sued for civil rights actions in federal court, *see Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 341 (1979). Consequently, to the extent that the Defendants are sued in their official capacities, they are entitled to sovereign immunity under the Eleventh Amendment.

### IV

For all of the reasons stated above, the Court concludes that several of Frazier's claims in the Amended Complaint are subject to summary dismissal. Accordingly, the Court **DISMISSES WITH PREJUDICE** the claims against Defendants Nagy, Anderson, and Francise, and the claims against all named

Defendants arising out of the alleged denial of Frazier's grievances, equal protection violations, and religious discrimination. In addition, the claims brought against the Defendants in their official capacities are **DISMISSED WITH PREJUDICE**. Frazier's remaining claims are not subject to summary dismissal.

Finally, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 18, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764