UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN DWAYNE FRAZIER, SR.

      Plaintiff,

v.

HEIDI WASHINGTON, *et al.*,

      Defendants.

Case No. 20-cv-11105
Hon. Matthew F. Leitman

_____/

**ORDER (1) CONSTRUING PLAINTIFF'S MOTIONS (ECF Nos. 83, 84, 87) AS OBJECTIONS TO REPORT AND RECOMMENDATION, (2) OVERRULING OBJECTIONS, AND (3) GRANTING PLAINTIFF'S APPLICATION TO APPEAL IN FORMA PAUPERIS (ECF No. 89)**

Plaintiff Alvin Dwayne Frazier, Sr. is a state prisoner in the custody of the Michigan Department of Corrections (the "MDOC"). In this *pro se* civil-rights action, Frazier alleged that certain employees and contractors of the MDOC violated his constitutional rights. (*See* Compl., ECF No. 1; Am. Compl., ECF Nos. 6, 7.) Defendants moved for summary judgment (*see* Mots., ECF Nos. 49, 54, and 66), and on January 20, 2022, the assigned Magistrate Judge issued a report and recommendation in which he recommended that the Court grant Defendants' motions (the "R&R"). (*See* R&R, ECF No. 79.) The Magistrate Judge concluded that Defendants were entitled to summary judgment on Frazier's claims against them because Frazier had failed to exhaust his administrate remedies prior to filing this

1

action. (*See id.*) At the conclusion of the R&R, the Magistrate Judge informed the parties that if they wanted to seek review of his recommendation, they needed to file specific objections with the Court within fourteen days. (*See id.*, PageID.970-971.)

As of February 24, 2022, the Court had not received any objections from Frazier. It therefore issued an order adopting the recommended disposition of the R&R and granting Defendants' motions. (*See* Order, ECF No. 81.) It entered judgment against Frazier on that same day. (*See* Judgment, ECF No. 82.)

On March 1, 2022, the Clerk of the Court docketed three filings from Frazier: (1) two "motions for relief from judgment"[1] (*see* ECF Nos. 84 and 87) and (2) a "delayed motion for reconsideration" (*see* ECF No. 83). Because it appears that Frazier mailed these documents to the Court *before* the Court issued its February 24 order adopting the recommended disposition of the R&R, the Court will construe the motions as objections to the R&R. Frazier has also filed an application to appeal *in forma pauperis*. (*See* Application, ECF No. 89.)

For the reasons explained below, the Court **OVERRULES** Frazier's objections to the R&R, but it **GRANTS** his application to proceed *in forma pauperis* on appeal.

---

[1] Frazier's two motions for relief from judgment appear to be duplicates of one another.

## I

The Court has carefully reviewed Frazier's objections and, for several reasons, Frazier has not persuaded the Court that it should reach a different conclusion than the Magistrate Judge. The Court begins with Frazier's "motion for relief from judgment." (*See* Mot., ECF Nos. 84, 87.) In that motion, Frazier says that "[t]he decision of the United States District Court for the Eastern District of Michigan by the Honorable Matthew F. Leitman and David R. Grand the Magistrate, is a palpably erroneous error and violates the cardinal rule requiring liberal treatment of civil rights complaints by an in pro per litigant." (Mot., ECF No. 87, PageID.814.) But Frazier does not identify the "decision" that he is talking about. Thus, it is not clear whether he is referring to the R&R or some earlier decision in this case. To the extent that Frazier is referencing the R&R, the Court disagrees that the Magistrate Judge did not review Frazier's Complaint under the proper legal standard.

The remainder of Frazier's objections in his "motion for relief from judgment" are insufficient because they are made at the highest level of generality and do not address, in any way, the basis of the Magistrate Judge's recommendation – that Frazier had failed to exhaust his administrative remedies with respect to any of his claims prior to filing this case. For instance, Frazier says that the "decision of the district court improperly resolved Plaintiff's Frazier's factual disputes," "invaded [Frazier's] right to trial by jury," and "utterly neglect[ed] to acknowledge the full

3

scope and breadth of the Frist Amendment violation of [Frazier's] right to petition

the government." (*Id.*, PageID.814-815.)  But such "conclusory" objections that do

"not specifically address how a report's factual and legal recommendations were

incorrect" are insufficient as a matter of law. *Fields v. Lapeer 71-A District Court*

*Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that plaintiff had "waived any

challenge to the district court's conclusions" because his objections to report and

recommendation did not specifically address the Magistrate Judge's reasoning). *See*

*also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a

magistrate's report, which fails to specify the issues of contention, does not satisfy

the requirement that an objection be filed").  Simply put, because Frazier did not

specifically address the Magistrate Judge's reasoning or legal analysis in any detail,

his objections in his "motion for relief from judgment" are overruled.

Frazier's "delayed objections" are deficient for many of the same reasons.

(*See* Objections, ECF No. 83.)  In the "delayed objections," Frazier appears to argue

that the Magistrate Judge should have concluded that he (Frazier) was excused from

exhausting his administrative remedies because he was deterred from doing so by

employees of the MDOC. (*See id.*, PageID.801.)  Frazier's argument, which is

difficult to understand, is as follows:

> The attached offer of proof shows that the Magistrate
> Judge has now committed 'palpable error' because the
> prior tickets sent to his office of assigned Court to Clerk
> of the Court proves a retaliation deterred prisoner Frazier,

379628, inmate number from pursing any further parts of
a remedy.

(*Id.*)  But Frazier did not attach any "offer of proof" to his objections.  Nor did he

explain how he was retaliated against, who retaliated against him, when the

retaliation occurred, or, most importantly, how the retaliation prevented him from

exhausting his administrative remedies with respect to any of his claims in this case.

Thus, Frazier's vague and undeveloped argument that he was somehow prevented

from exhausting his administrative remedies does not persuade the Court that the

Magistrate Judge erred when he recommended that the Court grant Defendants

summary judgment on their failure-to-exhaust defense.  Indeed, the Magistrate Judge

fully considered Frazier's argument that he could not exhaust his administrative

remedies because he had been retaliated against. (*See* R&R, ECF No. 79,

PageID.791-792.)  And the Magistrate Judge explained that the alleged retaliation

that Frazier had identified could not have prevented Frazier from exhausting his

administrative remedies because it allegedly took place *after* the incidents that

Frazier had failed to exhaust:

> [I]n support of his argument that he has been retaliated
> against, making it impossible for him to exhaust
> grievances related to the events at issue in this complaint,
> [Frazier] cites to misconduct tickets that were issued in
> April 2021, long after his submission of the JCF-1354
> Grievance and his filing of the complaint and amended
> complaint in this case.  (*Id.*, PageID.551-52). Even
> assuming Frazier's allegations are true – that he was
> retaliated against in April 2021 – this would not have

5

> prevented him from exhausting the grievances discussed
> above, all of which were filed in 2019 and 2020.

(*Id.*)   Frazier has not offered any explanation as to how the Magistrate Judge's analysis quoted above was wrong.   Finally, Frazier's remaining arguments in his "delayed objections" do not identify any specific error by the Magistrate Judge and appear to largely restate the arguments that he had made in response to Defendants' summary judgment motions.   Those objections are therefore insufficient. *See, e.g.,* *Aldrich v. Bock,* 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) (explaining that "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context"); *Potter v. Comm'r of Soc. Sec.,* 2015 WL 452173, at *4 (E.D. Mich. Feb. 3, 2015) (holding objections to report and recommendation were waived where objections were "nothing more than a re-submission of [plaintiff's] original motion for summary judgment" and did not address reasoning of the Magistrate Judge's report).

For all of these reasons, Frazier's objections in his "motion for relief from judgment" and "delayed objections" (ECF Nos. 83, 84, 87) are **OVERRULED**.

## II

On March 22, 2022, Frazier filed an application to proceed *in forma pauperis* on appeal. (*See* Application, ECF No. 89.)   A court may grant *in forma pauperis* status on appeal if it finds that an appeal could be taken in good faith. *See Foster v.*

6

*Ludwick*, 208 F.Supp.2d 750, 764-65 (E.D. Mich. 2002); 28 U.S.C. § 1915(a)(3);

Fed. R.App.24 (a).  Because the Court concludes that an appeal could be taken in

good faith here, it **GRANTS** Frazier's application to proceed *in forma pauperis* on

appeal.

**III**

For all of the reasons explained above, **IT IS HEREBY ORDERED** that:

- Frazier's objections to the R&R (ECF Nos. 83, 84, 87) are **OVERRULED**; and

- Frazier's application to proceed *in forma pauperis* on appeal (ECF No. 89) is **GRANTED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 11, 2022

I hereby certify that a copy of the foregoing document was served upon the
parties and/or counsel of record on April 11, 2022, by electronic means and/or
ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126